UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

DEANGELO LEMONT DOSS,     )
          )
     Petitioner,     )
          )
v.     )     Nos.:  3:20-CV-92-TAV-HBG
          )               3:16-CR-145-TAV-HBG-1
UNITED STATES OF AMERICA,     )
          )
     Respondent.     )

## MEMORANDUM OPINION

Petitioner DeAngelo Doss has filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 1]. The government has responded in opposition [Doc. 8]. Because, based on the record before the Court, it plainly appears that Petitioner is not entitled to relief, it is not necessary to hold an evidentiary hearing,[1] and the motion will be **DENIED**.

## I.    Background[2]

Petitioner and three accomplices robbed a cell-phone store at gunpoint, restraining employees and customers with zip ties and stealing several new cell-phones [Doc. 104 ¶ 3]. He pleaded guilty to aiding and abetting Hobbs Act robbery in violation of 18 U.S.C.

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

[2] Citations in this section refer to the criminal case, 3:16-CR-145-1.

§§ 1951 and 2 and aiding and abetting the brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1) and (2) [*Id.* ¶ 1]. His plea agreement contained a waiver provision stating that he will not file any "motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the . . . conviction(s) or sentence, with two exceptions" for "prosecutorial misconduct" and "ineffective assistance of counsel" [*Id.* ¶ 13(b)]. He also pleaded guilty to another count of aiding and abetting Hobbs Act robbery in a separate criminal case, 3:18-cr-84. Petitioner was subsequently sentenced to 124 months' imprisonment, consisting of 40 months for the robberies and the 84-month minimum for the § 924(c) violation [Doc. 186]. In March 2020, Petitioner filed the present motion collaterally attacking his sentence under 28 U.S.C. § 2255 [Doc. 214].

## II.    Analysis

Petitioner raises two claims categories of claims, challenging his § 924(c) conviction in light of *United States v. Davis*, 139 S. Ct. 2319 (2019) and alleging ineffective assistance of counsel for failing to consult with him about an appeal and cite *Dean v. United States*, 137 S. Ct. 1170 (2017) at sentencing.

The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. To obtain relief under § 2255

because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). He must clear a significantly higher hurdle than would exist on direct appeal, *United States v. Frady*, 456 U.S. 152, 153 (1982), and demonstrate a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998). None of Petitioner's claims offer relief.

## A. Ineffective Assistance of Counsel

Claims of ineffective assistance of counsel are cognizable under § 2255. *Massaro v. United States*, 538 U.S. 500, 508–09 (2003). The Sixth Amendment guarantees criminal defendants the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner alleging ineffective assistance of counsel must fulfill two criteria in either order. First, a petitioner must establish that his counsel's performance was deficient, that is, falling "below an objective standard of reasonableness . . . under prevailing professional norms." *Id.* at 688. Consequently, counsel is "not required to raise meritless arguments." *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998). Counsel is presumed to have provided effective assistance, and

petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *Strickland*, 466 U.S. at 689.

Second, a petitioner must show that his attorney's deficient performance prejudiced his defense, in the sense that defendant must show "there is a reasonable probability that, but for counsel's [] errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. In cases where the petitioner pled guilty, the analysis is somewhat different, in that a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

If a petitioner fails to establish both deficiency and prejudice, the claim must be rejected. *Id.* at 697. Thus, "the inability to prove either one of the prongs – regardless of which one – relieves the court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (*en banc*). None of Petitioner's claims offer relief.

### 1.     Failure to Consult Regarding an Appeal

Petitioner states counsel "failed to consult him regarding an Appeal or even explain the merits or advantages of filing" an appeal [Doc. 2 p. 6]. "[A]n attorney is per se ineffective if she disregards a defendant's express instructions to file an appeal." *Neill v. United States*, 937 F.3d 671, 676 (6th Cir. 2019) (citing *Roe v. Flores-Ortega*, 528 U.S.

470 (2000)). Additionally, an attorney must consult with a defendant if a rational defendant would want to appeal or when that defendant reasonably demonstrated interest in appealing. *Id.* Petitioner does not allege any facts in support of a direct request that counsel file or discuss pursuing an appeal. The evidence weighs against a rational defendant wanting an appeal, as Petitioner had pleaded guilty, indicating that Petitioner sought an end to judicial proceedings, and the appeal waiver significantly reduced the scope of potentially appealable issues. *Flores-Ortega*, 528 U.S. at 480. For the reasons discussed below, cases Petitioner thinks may have helped him on appeal are inapplicable to his circumstances, and these cases would not lead counsel to believe a rational defendant would want to appeal on those bases. Petitioner is therefore unable to show that his attorney's performance was constitutionally ineffective, and this claim is rejected as meritless.

### 2.     Failure to Cite *Dean v. United States*

Petitioner argues that counsel rendered constitutionally ineffective assistance when she failed to raise arguments regarding *Dean* at sentencing [Doc. 2 p. 7]. In *Dean*, the Supreme Court held that the Court need not "ignore the fact that the defendant will serve the mandatory minimums imposed under § 924(c)" when determining a sentence for other counts of conviction. 137 S. Ct. at 1174. Although counsel did not explicitly reference *Dean*, counsel did urge the Court in the sentencing memorandum to impose a sentence below the guidelines range for the Hobbs Act robberies [Sealed Doc. 159, 3:16-cr-145-1]. Furthermore, the Court did impose such a sentence below the guidelines range, sentencing Petitioner to concurrent 40-month terms when the guidelines range was 100 to 125 months'

imprisonment [Docs. 186, 134 ¶ 97, 3:16-cr-145-1]. *Dean* does not require that the sentencing court reduce the total sentence because of a mandatory minimum of § 924(c), it solely holds that the sentencing court is not prevented from taking the consecutive mandatory minimum into consideration when calculating a sentence for the predicate offense. *Id*. at 1178. The sentencing court is presumed to know and apply applicable law at sentencing, and Petitioner offers no reason to suggest the Court was unaware of *Dean* or its discretion in determining a sentence. *United States v. Wilson*, 802 F. App'x 976, 989 (6th Cir. 2020). Therefore, Petitioner is unable to prove prejudice, particularly considering he received a sentence well below the guidelines range.

### B.     *Davis challenge*

Petitioner argues that Hobbs Act robbery is not a predicate offense in furtherance of a crime of violence after *Davis* [Doc. 2 p. 9]. However, the claim must be rejected as both waived[3] and meritless.

### 1.     Waiver

Petitioner's plea contained two exceptions to his collateral attack waiver, but neither is applicable here. A "defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Griffin*, 854 F.3d 911, 914 (6th Cir. 2017). The Sixth Circuit has held that a defendant's "waiver of the right to

---

[3] Petitioner cites *United States v. Cornette*, 932 F.3d 204 (4th Cir. 2019) for the proposition that waivers are unenforceable for certain claims. However, that case is from the Fourth Circuit Court of Appeals, and this Court is bound by the decisions of the Sixth Circuit Court of Appeals. This Court is therefore not bound by the case Petitioner presents.

collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). "[W]here developments in the law later expand a right that a defendant has waived in a plea agreement, the change in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature." *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005). "To be a valid waiver the defendant must enter into the waiver agreement knowingly, intelligently, and voluntarily." *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). Petitioner here has not made any allegations that the waiver was not made knowingly, intelligently, and voluntarily. His waiver is therefore valid, and his challenge to the § 924(c) conviction has been waived.

## 2. Merits

Considering the merits of Petitioner's challenge, his claim must be rejected. Petitioner argues that his § 924(c) conviction and sentence must be vacated after *Davis* because the government relied on the residual clause, 18 U.S.C. § 924(c)(3)(B), which has now been invalidated [Doc. 2 p. 10]. However, *Davis* does not impact Petitioner's conviction. A crime of violence is defined in two ways: a felony that (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" or (B) "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). *Davis* invalidated subsection B as unconstitutionally vague but did not affect the use-of-force clause in subsection A. Accordingly, a § 924(c) conviction may still be lawful so long as the crime of violence qualifies under

§ 924(c)(3)(A). In *United States v. Richardson*, the Sixth Circuit concluded that aiding and abetting Hobbs Act robbery is a crime of violence under subsection A. 948 F.3d 733, 742 (6th Cir. 2020). Therefore, because aiding and abetting Hobbs Act robbery was the predicate for Petitioners § 924(c) conviction and the conviction qualifies under § 924(c)(3)(A), not § 924(c)(3)(B), *Davis* offers no relief in this case. Accordingly, Petitioner's arguments must be rejected.

## III.    Conclusion

For the reasons explained above, Petitioner is not entitled to relief under 28 U.S.C. § 2255, his motion to vacate, set aside or correct his sentence [Doc. 1] will be **DENIED**, and this action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Moreover, because Petitioner has not made a substantial showing of the denial of a constitutional right and jurists of reason would not dispute the above conclusions, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). A separate judgment will enter.

ENTER:


s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE